## Chancellor *versus* Schott.

Where a judgment-creditor who had purchased the defendant's goods at a sale under his own execution, and allowed the defendant to retain the possession, afterwards received payment of the amount of money composing his judgment out of a trust fund provided by another for the purpose, without crediting the amount of his purchases at the sale, it was *Held,* that he could not claim the goods against a subsequent execution-creditor, even though he had other claims against the defendant beyond the amount of the levy and sale, exceeding the amount of his receipt to the trustee and not mentioned in the same.

ERROR to the District Court, *Philadelphia.*

This was a feigned issue between Wharton Chancellor as plaintiff, and James Schott defendant. See a report of the case when up on a former occasion in 8 *Harris* 195, &c.

James Schott, under a judgment in his favor against *Henry* Chancellor entered in October, 1845, had a levy made on certain household furniture in the possession of Henry Chancellor at his residence. The property was claimed by *Wharton* Chancellor by purchase at a previous sheriff's sale, under a judgment in his favor against the said Henry Chancellor, entered October 18, 1845, for $8820. This issue was directed to try the right of the said Wharton Chancellor to the property levied upon. On the former trial it appeared that the sheriff had returned on the writ of Wharton Chancellor a sale, in October, 1845, of the defendant's household furniture, to the amount of $2694.80. The purchase was for the plaintiff in the writ. No credit was, however, given by the plaintiff, on the docket, for the amount. The property remained in the possession of Henry Chancellor.

Hannah Chancellor, the mother of Henry, by her will dated in 1843, but proved in 1847, devised the third part of her estate to trustees in trust, *inter alia,* to pay to Wharton Chancellor all moneys which at her death were due to him by Henry, and the balance of her personal estate was to be put at interest, and the interest thereof and the rents of her real estate were to be paid to Henry Chancellor, without being liable for his debts.

It was testified by one of the trustees that the share of the personal estate of the testatrix so devised, exceeded $25,000. Also that he paid to the agent of Wharton Chancellor $7500; on which

[Chancellor *v.* Schott.]

occasion a receipt was produced, signed by W. Chancellor, for $10,850.70. The agent of W. Chancellor claimed but $7500, which was paid to him; and the residue was paid to Henry Chancellor. A portion of the said balance was expended in repairing the trust property, and the witness knew when he paid it, that it was to be so expended. In the receipt, dated November 23, or 29, 1847, were stated loans of $500 on 29th September, 1842; of $3500 on October 29, 1842; and of $3500 on November 11, 1842; in all to the amount of $7500, which with interest added were stated to amount to $10,850.70.

The answer of Wharton Chancellor to a bill of discovery was read on the part of the defendant. In it, it was stated that on the 18th October, 1845 (the date of the entry of the judgment in his favor against Henry Chancellor), he was a creditor of the latter to a large amount. On the 9th April, 1839, he loaned him $500, with interest, amounting on 18th October, 1845, to $695. On 29th September, 1842, he loaned him $500, with interest, amounting at the same date to $591.67; and on the 29th October and 11th November, 1842, he loaned him two sums of $3500 each, amounting with interest to $8243.08. That these loans were intended for the temporary accommodation of Henry Chancellor. He stated that besides these loans, he had advanced to his brother Henry various sums of money. That, at the time of the advances, nothing was said or agreed upon as to the return of the money, as it never occurred to him that Henry would be able to return it— but that he considered these advances were, in legal contemplation, loans.

He further stated that after the amount realized by the sheriff's sale was deducted, there remained due to him on the loans before stated the sum of $6869.57, which, with interest due thereon, amounted, on 20th November, 1847, to $7708.19. That, in addition thereto, he advanced to Henry, in September, 1844, $300; and in 1845, '46, '47, and '48, various sums exceeding in all $7400—which were unpaid. That he had determined to receive under the will of his mother but $7500, which was all he did receive from the trustees. He denied that the judgment was designed as a mere security until he could receive payment out of the estate of his mother, but alleged that the sheriff's sale and purchase was considered by him an absolute extinguishment of so much of the indebtedness, and that he had no intention that Henry should again acquire an ownership in the said property.

He further said that, as he had settled in his own mind the sum he intended to receive from the trustees, he did not examine the statement of the account nor the receipt. Also that the judgment was not thought of at the settlement, and that the amount received by him did not discharge his entire claim even after deducting the amount realized by the sheriff's sale.

[Chancellor *v.* Schott.]

It was contended on the part of Wharton Chancellor, that if, after deducting the amount of the levy, a greater sum was due to him, at the time of the payment by the trustees, than was actually paid him, his title to the property sold was not affected by such payment.

The judge, *inter alia*, charged the jury to inquire,—1. What was the debt for which the judgment was confessed? Upon that point they had the record. The judgment was entered merely on a warrant of attorney; and that there was evidence *in the answer* that there were other debts. But he observed that the judgments included at least two of the items composing the $7500. The jury were to inquire what was the debt at the time of the entry of the judgment. 2. Was the judgment paid in full? The receipt was for $10,850.70, and for that sum the trustees took credit in their account. If the plaintiff chose to take of that sum but $7500, that could not alter the legal nature of the transaction. 3. That if the jury believed that the settlement between the trustees and Wharton Chancellor, to which Henry was a party, covered or included the whole debt for which the judgment was confessed, without allowing credit for the sum of $2694.80 (the amount of the sale), their verdict must be for the defendant; and he refused to instruct them as requested on part of the plaintiff, that if more was due to Wharton Chancellor, on any account, after deducting the amount of the levy, than was receipted for, his title was not affected by the receipt; or, secondly, if more was due on any account, by Henry Chancellor, than the plaintiff actually receipted for, or than he authorized any one to receive, his title is not affected.

Verdict was rendered for the defendant.

Error was assigned to the refusal to charge as requested.

*McMurtrie*, for plaintiff in error.—It was said that Wharton Chancellor *extinguished* a part of his judgment by the levy and purchase. Being still a creditor for a large amount, and intending to receive a sum considerably less than was due, he signed the receipt for a larger sum without examination; but in fact for a less sum than was due after giving credit for the amount of the levy. Does the fact that the particular items, mentioned in the receipt, happen to be the same as had been extinguished by the sale, revest the property in the debtor, so as to subject it to levy; and is the plaintiff forbidden to show that another debt should have been stated in the receipt? When the case was up before, this Court reversed under the supposition that the entire debt due to Wharton Chancellor, without deduction of the amount of the sale, had been paid to and received by him.

It was said that the law will apply a payment to what is due,

[Chancellor v. Schott.]

even if the parties, through forgetfulness, applied it to what has been once paid. That a stranger cannot take advantage of such a mistake.

*Webster* and *H. M. Phillips*, for defendant in error.—The only matter before the Court under the assignments, is the refusal of the Court to instruct the jury that if, notwithstanding the payment of the judgment, more remained due to the plaintiff than he actually received, his title to the property was not affected. This point was immaterial to the issue. It was contended that the payment of the judgment in full revested the title. The only question was whether the $10,850.70 paid and discharged the judgment; and it was of no consequence what other accounts subsequently existed between the parties. It is not alleged that the payment was made in reference to them.

The opinion of the Court was delivered by

BLACK, C. J.—On a former writ of error in this case, 8 *Harris* 195, we decided that the present plaintiff in error, who had, under an execution of his own, caused his brother's goods to be sold, and bought them in himself, but never removed them; and afterwards received full satisfaction of his debt, without giving any credit for the proceeds of the sale, could not hold the goods against a subsequent execution-creditor. We are content with this decision, not only because it is a decision, but because it is right in itself, and in accordance with the previous cases on the same and on kindred subjects. But when the cause went back to the District Court for a new trial, the plaintiff in error raised another point. It seems that Wharton Chancellor, the creditor, settled with the trustees of Henry, his brother, who paid him upwards of ten thousand dollars out of Henry's funds, in their hands, and took his receipt. The payment is not denied, nor the application of it to the debt on which Wharton's execution was issued against Henry; for Wharton's receipt expressly mentions that debt, with the amount of principal and interest, and acknowledges the payment of the whole sum, without any deduction for the price of the property sold by the sheriff. Henry, however, owed Wharton some other debts not mentioned nor referred to in the receipt. On this the Court below was asked to charge that, if Wharton received no more than what was due to him, after deducting the amount of the levy, his title to the property was not affected by his receipt. The refusal of the Court so to instruct the jury, is the only error assigned now. We think the judgment is right. When the money was paid, it was applied by the act of both parties to the judgment, and not to those other debts which are shown to have existed. That application cannot now be changed, when it would affect the rights and interests of third persons.

Judgment affirmed.